UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CARLYNE DESIR,

    Plaintiff,

v.                                    CASE NO. 8:24-cv-02651-SDM-NHA

ANDREU, PALMA, LAVIN & SOLIS, PLLC, et al,

    Defendants.
_____/

## ORDER

Alleging fraudulent misrepresentation and violations of the Fair Debt Collections Practices Act, Carlyne Desir sues (Doc. 19) Andreu, Palma, Lavin & Solis, PLLC, (APLS) Alan Jeffrey Miller, and Jeremiah Esquig. The defendants move (Doc. 37) for summary judgment. Desir responds (Doc. 38) and the defendants reply. (Doc. 39)

## BACKGROUND

On September 26, 2023, Desir defaulted on two credit card accounts with Bank of America and with a combined unpaid balance of $103,789.67. (Docs. 33-1 and 33-2) The bank retained the law firm APLS. (Doc. 33-3 at ¶ 4) On September 17, 2023, and October 17, 2023, APLS sent Desir a "validation notice" for each account. (Doc. 33-3 at ¶¶ 5-6). On November 7, 2023, Desir sent "written correspondence" to APLS disputing the accounts and requesting APLS to cease communication with her. (Doc. 33-3 at ¶ 7) Before APLS received Desir's "written correspondence," APLS sent Desir "written verification" of one of Desir's defaulted accounts. (Doc.

33-3 at ¶ 8) After receiving Desir's request, APLS ceased communication with Desir. (Doc. 33-3 at ¶ 9)

On March 20, the bank, represented by APLS, sued Desir to collect one of the accounts. *Bank of America, N.A. v. Carlyne Desire* (Case No. 2024-CC-015302) (Doc. 33-3 at ¶ 12) The complaint was signed by Esquig, a lawyer employed by APLS. (Doc. 33-3 at ¶ 13)

On March 21, the bank sued Desir to collect the other account. *Bank of America, N.A. v. Carlyne Desire* (Case No. 2024-CC-002395) (Doc. 33-3 at ¶ 14) The complaint was signed by Miller, another lawyer employed by APLS. (Doc. 33-3 at ¶ 15)

## DISCUSSION

Desir's FDCPA claims fail as a matter of law. Under the statute, a plaintiff must establish (1) that she was the object of collection activity arising from a consumer debt, (2) that the defendant is a debt collector as defined by the statute, and (3) that the defendant engaged in a statutorily prohibited act or omission. *Helman v. Bank of Am.*, 685 F. App'x 723, 726 (11th Cir. 2017). Desir offers no evidence that APLS or an APLS lawyer qualifies as a "debt collector" under section 1692a(6). The firm acted solely as counsel for the bank in the collection action. *Heintz v. Jenkins*, 514 U.S. 291, 296 (1995); *Vega v. McKay*, 351 F.3d 1334, 1336 (11th Cir. 2003). The undisputed affidavits show that the defendants sent the validation notices required by Section 1692g and ceased communication upon Desir's request — conduct that fully complies with the FDCPA.

Desir's fraudulent misrepresentation claims are likewise unsupported. She submits no affidavits, exhibits, or other competent evidence showing that any defendant falsely stated a material fact. *Butler v. Yusem*, 44 So. 3d 102, 105 (Fla. 2010). In her response, Desir asserts that the debts "were not owed to BOA at the time — they had been satisfied or assigned away," but the record contains nothing to substantiate that claim. (Doc. 38 ¶ 40).

To the extent Desir's response to the defendants' motion for summary judgment attempts to assert a new claim for violation of another statute or a common-law tort claim, those claims are not properly raised in a motion for summary judgment. *Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1315 (11th Cir. 2004).

## CONCLUSION

The defendants' motion for summary judgment is **GRANTED** and Desir's motion for summary judgment is **DENIED**. No later than **DECEMBER 8, 2025,** Desir may amend her complaint to raise a new statutory or common law claim. Desir may not reassert her claim under the FDCPA or her fraudulent misrepresentation claim.

ORDERED in Tampa, Florida, on _____, 2025.

_____
  STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE